# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN MATAVA<br>   *Plaintiff*,<br><br>v.<br><br>CTPPS, LLC<br>   *Defendant*. | )  3:20-CV-01709 (KAD)<br>)<br>)<br>)<br>)<br>)<br>)  NOVEMBER 18, 2020 |

## ORDER DISMISSING CASE

Kari A. Dooley, United States District Judge:

Plaintiff brings this action against his landlord, seeking to enjoin judicial proceedings in the Superior Court for the State of Connecticut. Plaintiff filed a three paragraph Complaint which does not identify any cause of action or substantive claims against his landlord and which merely asks this Court to, it appears, determine the scope of the Superior Court's subject matter jurisdiction. For the reasons that follow, the Complaint is dismissed, and the Clerk of the Court is directed to close this file.

Federal courts have subject matter jurisdiction over only matters in which a federal question is raised or there is diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "[A] suit 'arises under' federal law . . . 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Diversity jurisdiction exists only where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Here, Plaintiff asserts federal question jurisdiction.

Preliminarily, as is permitted, the Court takes judicial notice of the underlying litigation in the Superior Court. *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). Therein, the Defendant CTPPS LLC commenced a summary process action against the Plaintiff in which CTPPS LLC seeks possession of property located at 421 Riley Mountain Road, Coventry, Connecticut, the address at which Plaintiff resides. In his Complaint in this action, the Plaintiff asserts that the state court lacks subject matter jurisdiction to proceed with the summary process action under the CARES Act, Pub. L. No. 116-136 § 4024, 134 Stat. 281, 492 (2020), and therefore asks this Court to enjoin those proceedings. Specifically, Plaintiff alleges that he will be irreparably harmed if a hearing, currently scheduled for November 20, 2020, is permitted to go forward.[1]

Although citing to the CARES Act and various other federal laws, none of the statutes cited expressly provide a private right of action to enforce their provisions. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 377 (2012) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the action.")). Nor does the Complaint set forth sufficient (or any) analysis as to why, notwithstanding, the Court should find an implied private right of action. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15 (1979) (stating that determining whether an implied private right of action exists is matter of statutory interpretation).[2] The Plaintiff has therefore failed to sufficiently invoke federal question jurisdiction.

---

[1] The Court observes that the proceeding scheduled for November 20, 2020, appears to be a mediation. Connecticut Superior Court Docket No. TTD-CV20-6021192-S, available at http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TTDCV206021192S.

[2] As discussed below, the 28 U.S.C. § 2283 is also implicated by the relief Plaintiff seeks, which is further reason to conclude that Congress did not intend an implied private right of action when passing the CARES Act.

Moreover, even if the Plaintiff had adequately alleged federal question jurisdiction under the CARES Act or other provisions cited, he has failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e). Section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In seeking to evaluate a pro se plaintiff's claim, the Court construes the complaint liberally. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017). Here, both because this Court is generally prohibited from enjoining state court judicial proceedings under the Anti-Injunction Act and because the Plaintiff's requested relief is against a non-party, the Plaintiff's complaint, even liberally construed, fails to state a claim upon which relief may be granted.

First, 28 U.S.C. § 2283, the Anti-Injunction Act, provides that a United States court may not grant an injunction to stay proceedings in a state court unless the United States court is expressly authorized by an Act of Congress to issue such an injunction, or the injunction is necessary to aid the court's jurisdiction, or the injunction is needed to protect the court's judgments. *See also Mitchum v. Foster*, 407 U.S. 225, 228–29 (1972) (stating that "the statute imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding" in the absence of one of the exceptions). In this case, Plaintiff seeks injunctive relief to stop a Connecticut Superior Court proceeding. Congress has not expressly authorized such an injunction under the CARES Act or elsewhere in the laws cited by Plaintiff. Further, the requested injunction is neither necessary to aid this Court's jurisdiction nor needed to protect this Court's judgements. *See Mitchum*, 407 U.S. at 228, 237–38. The Plaintiff's request for relief is therefore barred by the express provisions of Section 2283.

Second, the Court observes that although he names his landlord as the defendant herein, the Plaintiff seeks no relief vis a vis this named defendant. Rather, he seeks an injunction directed to the Superior Court, a non-party to the Complaint, and therefore, again, fails to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915(e).

Finally, the Court notes that the Plaintiff questions the Superior Court's jurisdiction to decide issues arising under the CARES Act. Under our federal system, however, the States possess sovereignty concurrent with that of the Federal Government, subject only to the limitations imposed by the Supremacy Clause. *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). State courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States. *Id.* Indeed, "state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78 (1981). An unmistakable legislative history showing Congress's intent may also strip state courts of jurisdiction over federal causes of action. *Id.* No such claim is made here.

For all of these reasons, the Complaint is DISMISSED and the Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of November 2020.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE